UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE AIROLDI,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | Case No. 24-cv-00429-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 14 |

The instant case is related to *Benter v. United Parcel Service, Inc.*, No. C-24-0375 EMC (N.D. Cal.). Like the plaintiff in *Benter*, Mr. Airoldi has made a single claim of failure to reimburse business expenses, specifically, cell phone expenses ($50/month). Like the plaintiff in *Benter*, Mr. Airoldi initiated proceedings against UPS before the California Department of Industrial Relations, Labor Commissioner's Office ("DIR") and lost, after which he filed an appeal with the Contra Costa Superior Court. UPS removed the case from state court to this Court, as it did in *Benter*. Mr. Airoldi now moves for a remand. The Court finds this matter suitable for disposition without oral argument and thus **VACATES** the hearing on the motion.

In *Benter*, the Court granted the plaintiff's motion to remand. The Court does so here as well. First, UPS did not timely remove. Mr. Airoldi served UPS with notice of his state court suit on December 20, 2023. UPS had 33 days to remove: (1) the 30 days afforded by the removal statute, *see* 28 U.S.C. § 1446, plus (2) 3 more days under Federal Rule of Civil Procedure 6(d) because service was effectuated by mail. In other words, UPS had until January 22, 2024, to

remove. Because UPS did not remove until January 24, 2024, its removal was not timely.[1]

Second, even if UPS did timely remove, it has failed to prove by a preponderance of the evidence that the amount in controversy has been met for purposes of diversity jurisdiction. The analysis in *Benter* is equally applicable here.

Accordingly, the Court **GRANTS** Mr. Airoldi's motion to remand. However, as in *Benter*, it denies the request for attorneys' fees because UPS's removal was not unreasonable. *See* 28 U.S.C. § 1447(c). That is, it was not unreasonable for UPS to argue that the amount in controversy could be met. UPS also did not act unreasonably in arguing that its removal was timely based on § 1013 (*i.e.*, instead of Rule 6). *See* note 1, *supra*.

Accordingly, the Clerk of the Court is instructed to remand this case back to Contra Costa Superior Court and close the file in this case.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: May 13, 2024

_____
EDWARD M. CHEN
United States District Judge

---

[1] UPS argues its removal was timely based on a provision in the California Code of Civil Procedure (and not Rule 6). *See* Cal. Code Civ. Proc. § 1013(a) ("Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended *five* calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California . . . .") (emphasis added).

The Court agrees with Mr. Airoldi that Rule 6, not § 1013(a), is applicable. *See Student A v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989) (rejecting defendants' contention that § 1013(a) was applicable because, "although state law determines when service is made, federal law defines the procedure for the federal removal statute," and Rule 6 "governs computation of time for purposes of that statute"); *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827 (S.D. Cal. 1988) (stating that "'[t]he time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6'"). *But see Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (Ex), 2016 U.S. Dist. LEXIS 23331, at \*11 n.6 (C.D. Cal. Feb. 24, 2016) (suggesting that § 1013 would give the defendant an additional 5 days).

2